**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| CHRISTINA M., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. CBD-17-2540 |
| | ) |
| NANCY A. BERRYHILL, | ) |
| | ) |
|     Acting Commissioner, | ) |
|     Social Security Administration | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## **MEMORANDUM OPINION**

Christina M. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 15, and Commissioner's Motion for Summary Judgment ("Commissioner's Motion"), ECF No. 16. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion and **DENIES** Commissioner's Motion, but **VACATES** and **REMANDS** the Administrative Law Judge's decision pursuant to 42 U.S.C. § 405(g) for further proceedings.

## I. Procedural Background

On September 23, 2014, Plaintiff filed for DIB under Title II, alleging disability beginning October 31, 2011. R. 15, 93-102, 105. Plaintiff alleged disability due to "fibromyalgia, herniated discs, failed neck syndrome, chronic neck pain, limited use of left arm, migraines, dizziness, vertigo, fatigue, depression, anxiety, concentration issues, and difficulty standing or sitting for long periods of time." R. 92-93, 104. Plaintiff's claims were initially denied on January 9, 2015, and upon reconsideration on January 28, 2015. R. 15, 101, 121-24, 104-17. An administrative hearing was held on January 31, 2017, R. 15, and on March 19, 2017, the claim was denied. R. 15, 35. Plaintiff sought review by the Appeals Council, which concluded on July 17, 2017, that there was no basis for granting the Request for Review. R. 1-3.

## II. Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the administrative law judge ("ALJ") "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i) (2012). If she is doing such activity, she is not disabled. If she is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii) (2012). If she does not have such impairment or combination of impairments, she is not disabled. If she does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii) (2012). If she does have such impairment, she is disabled. If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv) (2012). If she can perform such work, she is not disabled. If she cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v) (2012). If she can perform other work, she is not disabled. If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 404.1545(b)-(c) (2012). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. § 404.1545(a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7

(S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

**III.     Analysis**

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 17-35. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 31, 2011. R. 15. At step two, under 20 C.F.R. § 404.1520(c), the ALJ determined that Plaintiff has the following severe impairments: "degenerative disc disease of the cervical spine, chronic pain syndrome, right shoulder impingement status-post surgery, sleep apnea, depression, and anxiety." R. 17. The ALJ stated that these impairments were "'severe'" as they "impose more than a slight limitation on the [Plaintiff's] ability to perform basic work-related activities." *Id.*[1] In step three, the ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). R. 21. At step four, the ALJ determined that Plaintiff has the RFC to:

> [P]erform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that she can frequently reach overhead and in all over directions with the bilateral upper extremities. The [Plaintiff] can never climb ladders or scaffolds, occasionally climb ramps and stairs, and occasionally balance, stop, kneel, crouch, and crawl. The [Plaintiff] can perform simple, routine tasks, not at a production pace. She can make simple work-related decisions. She can tolerate occasional changes in workplace settings and have occasional interaction with the public.

---

[1] The ALJ also noted that Plaintiff has been diagnosed with a variety of other impairments but that these impairments were "non-severe" as they "cause[d] no more than minimal vocationally relevant limitations, have not met the durational requirement, and/or are not fully supported by the medical evidence of record." R. 17-18.

5

R. 23.  At step five, the ALJ determined that Plaintiff is unable to perform her past relevant work as "a manager financial institutions, mortgage loan interviewer, and a composite job consisting of customer service representative and mortgage loan closer."  R. 33-34.  However, based upon the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform jobs that existed in significant number in the national economy and therefore Plaintiff was not disabled.  R. 34-35.

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in her favor, or in the alternative, remand this matter to the Social Security Administration for a new administrative hearing, alleging that: 1) the ALJ failed to properly evaluate and discredit her subjective assessment of the impact of her symptoms; 2) the ALJ's decision to not assign controlling weight to Plaintiff's treating physician was not supported by a sufficient explanation; and, 3) the ALJ failed to properly evaluate Plaintiff's impairments under Listing 1.04A.  Mem. in Supp. of Pl.'s Mot. for Summary J. ("Pl's Mem.") 7-24.  For the reasons set forth below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **VACATES** the ALJ's decision, and **REMANDS** the matter for further proceedings.

### A. *The ALJ improperly relied solely on objective evidence when evaluating Plaintiff's subjective assessment of the impact of her symptom.*

Plaintiff argues that the ALJ "relied solely on the objective evidence of record to improperly discount Plaintiff's subjective symptoms . . . ."  Pl.'s Mem. 24 (citing *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017)).  According to Plaintiff, the ALJ "relied on misapprehensions of the objective medical evidence to reject Plaintiff's descriptions of the intensity, persistence, and limiting effects of her chronic pain."  Pl.'s Mem. 19.  Plaintiff asserts that the ALJ "was not permitted to rely on Plaintiff's unsuccessful attempts to perform various daily chores to discredit her allegations of debilitating pain," as the Fourth Circuit has stated that

6

"disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Pl.'s Mem. 23 (citing *Lewis*, 858 F.3d 858). Commissioner counters that there was a reasonable basis for the ALJ's decision and it did not rely solely on objective evidence to discount Plaintiff's statements concerning pain. Mem. of Law in Support of Def.'s Mot. for Summary J. ("Comm'r's Mem.") 7-10. Commissioner points out that the "housework" at issue was lifting a mattress, and that the ALJ highlighted the event as "meaningfully inconsistent with Plaintiff's allegations." Comm'r's Mem. 9.

In evaluating a claimant's subjective complaints pursuant to 20 C.F.R. § 404.1529, the ALJ is required to follow a two-step process. First, the ALJ must find that objective medical evidence is present to show that a claimant has a medical impairment which could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529(b). At the second step, the ALJ must evaluate the intensity and persistence of a claimant's symptoms to determine the extent to which it affects her ability to work. 20 C.F.R. § 404.1529(c). This step requires the ALJ to assess the credibility of the claimant's statements about her symptoms and their effect on her ability to perform work activities. *E.g.*, *Lewis*, 858 F.3d at 866 (citing 20 C.F.R. § 404.1529(c)(4)). A claimant's subjective statements about pain intensity or persistence "cannot be discounted solely based on objective medical findings." *Id.* Rather, if an ALJ finds that a claimant's statements are less than fully credible, he must support this conclusion by identifying which statements he finds less than credible and explaining "how he decided which . . . to believe and which to discredit." *Mascio v. Colvin*, 780 F.3d 632, 640 (4th Cir. 2015).

In the instant case, the ALJ found that based on the objective medical evidence, Plaintiff's impairments could "reasonably be expected to cause the alleged symptoms." R. 24. Neither Plaintiff nor Commissioner contends that this determination was made in error. The ALJ

7

then evaluated Plaintiff's statements and determined that those "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 24. The ALJ went on to review Plaintiff's medical evidence extensively, noting any statements concerning pain and summarizing the objective medical findings, but not drawing any specific conclusions concerning their credibility. *See* R. 24-31. The ALJ finally concluded that:

> The medical evidence of record supports that the claimant has been treating for chronic pain since her motor vehicle accident in October 2011. However, the degree of alleged limitation is not entirely consistent with the evidence of record. The [Plaintiff's] physical examinations show that she has reduced range of motion in the neck and shoulders, with diffuse tenderness to palpation. However, her exams show that she generally maintained full strength and sensation throughout with normal gait and no need for assistive devices. The undersigned notes that the [Plaintiff] was seen at urgent care in September 2016 with pain after doing housework, including lifting a mattress. The undersigned has considered the [Plaintiff's] subjective complaints in limiting her to sedentary work activity. The objective findings of reduced shoulder range of motion support the [Plaintiff's] reaching limitations and limitations on climbing ladders and scaffolds. The undersigned has also considered the [Plaintiff's] obstructive sleep apnea in finding non-exertional limitations of simple, routine tasks not at production pace. The [Plaintiff] maintains the ability to perform substantial gainful activity.

R. 31 (record citations omitted). The Court finds that the ALJ failed to properly assess the credibility of Plaintiff's statements about her symptoms and their effect on her ability to perform work activities. Specifically, the ALJ impermissibly relied solely upon objective medical findings in determining Plaintiff's statements were not credible. *See* R. 31 (stating "the degree of alleged limitation is not entirely consistent with the evidence of the record" but only citing to Plaintiff's physical examination results as support for this determination). The ALJ further failed to identify which of Plaintiff's subjective statements were not credible and failed to explain why he made that determination. *See Mascio*, 780 F.3d at 640 (ordering remand based on an ALJ's "lack of explanation" where it only included a "vague (and circular) boilerplate statement that

8

[the ALJ] did not believe any claims of limitations beyond what he found when considering [the plaintiff's RFC]"). While the ALJ here did "note[]" that Plaintiff "was seen at urgent care in September 2016 with pain after doing housework, including lifting a mattress," the ALJ failed to explain how this event cast doubt on the credibility of Plaintiff's statements concerning her symptoms. R. 31. It is the ALJ's responsibility, and not the Court's, "to 'build an accurate and logical bridge from the evidence to his conclusion' that [a claimant's] testimony was not credible." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (remanding an ALJ's denial of disability and stating "if the ALJ decides to discredit [the plaintiff's] testimony . . . it will be incumbent on him to provide a clearer explanation of his reasons for doing so, such that it will allow meaningful review of his decision"). Accordingly, remand is appropriate on this issue.

### B. The ALJ failed to provide a sufficient explanation for his decision to not assign controlling weight to Plaintiff's treating physician.

Plaintiff further asserts that the ALJ impermissibly "discounted the opinions of Plaintiff's treating physician, while relying solely on objective medical evidence." Pl.'s Mem. 19 (citing *Lewis*, 858 F.3d 858). Commissioner counters that there is no such prohibition when assigning weight to a medical opinion. Comm'r's Mem. 10-11. Commissioner highlights the fact that the rule in *Lewis* is only applicable to discrediting subjective evidence of pain and that the Court should not apply it to weighing medical opinions. Comm'r's Mem. 11. While the Court agrees with Commissioner that *Lewis* does not stand for the prohibition against ALJs relying solely upon objective evidence when declining to accord a treating physician's opinion controlling weight, the Court will nonetheless review this issue under the appropriate standard.

"The ALJ is required to give 'controlling weight' to opinions proffered by a claimant's treating physician so long as the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in

9

[the claimant's] case record." *Lewis*, 858 F.3d at 867 (citing to 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)); *see also Sharp v. Colvin*, 660 F. App'x 251, 256 (4th Cir. 2016) (same). However, an ALJ is not bound by these findings. *Sharp*, 660 F. App'x at 256 (citing 20 C.F.R. § 404.1527(d)(1)). When reviewing a medical opinion before him, an ALJ can assign a lesser degree of weight but must provide an explanation for this decision and support it with evidence in the record. *See Lewis*, 858 F.3d at 867 (finding the ALJ's rejection of the treating physician's opinion as "perfunctory" as his explanation "span[ned] only four lines and overlook[ed] critical aspects of [the plaintiff's medical treatment history"); *see also, e.g.*, *Sharp*, 660 F. App'x at 257 (finding the ALJ's reasoning that "the claimant's reported limitations were not supported by [the physician's] office notes" was a sufficient explanation for the assignment of "little weight").

Here, Plaintiff's treating physician, Dr. Mary E. Craig-Buckholtz, provided an assessment of Plaintiff's "ability to perform work-related activities." R. 32; 1104-06. However, the ALJ only accorded Dr. Craig-Buckholtz's opinion "partial weight." R. 32. In support of this decision, the ALJ stated that "[t]he record supports that the claimant has some degree of limitations, but does not support the opinion that the [Plaintiff] cannot perform work activity." R. 32. The ALJ also included citations to various records in evidence and summarized what physical limitations those records did support. *See* R. 32 (noting the "physical examinations of record" show normal to mild symptoms or conditions and a "reduced range of motion in the right shoulder with positive impingement signs"). The Court finds the ALJ's explanation is insufficiently clear to support his decision to assign Plaintiff's treating physician's opinion less than controlling weight. While the ALJ does cite to a significant number of documents in evidence, the explanation tying how that evidence contradicts Dr. Craig-Buckholtz's opinion is vague and conclusory. "[A] proper RFC analysis has three components: (1) evidence, (2) logical

10

explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas v. Berryhill*, No. 17-2215, 2019 WL 193948, at *3 (4th Cir. Jan. 15, 2019), as amended (Feb. 22, 2019) (holding an ALJ "did not sufficiently explain how she weighed significant evidence related to [a plaintiff's] mental-health treatment" as she did not explain why mental health findings by physicians treating the plaintiff's chronic foot pain were given the same weight as inconsistent findings by a licensed psychologist). In this case, the ALJ afforded Dr. Craig-Buckholtz's opinion "partial weight," but the Court is unclear what portion of her assessment the ALJ gave credence to. The ALJ gave no indication whether she believed Dr. Craig-Buckholtz's assertions concerning the lengths of time Plaintiff could remain in one position (sitting, standing, etc.), the number of days Plaintiff would need to be absent from work per month, or the impact the side effects of her medication might have on her ability to work. *See* R. 32, 1104-06. Further, the ALJ did not address the caveat Dr. Craig-Buckholtz included at the end of her assessment.[2] While this caveat seems to preclude giving Dr. Craig-Buckholtz's opinion any weight, it is not the providence of the Court to engage in a reweighing of the evidence. *Hays*, 907 F.2d at 1456 (citations omitted). Accordingly, upon remand, the ALJ is directed to include additional logical explanations for why the evidence he cites leads him to the determination of the weight he afforded to Plaintiff's treating physician's opinion.

---

[2] Specifically, Dr. Craig-Buckholtz included a handwritten statement that reads:

> Please be aware the above are based on <u>limited</u> evaluations. [Plaintiff's] initial problems were related to an [unclear acronym] which we did not evaluate due to insurance reasons. Therefore, her ongoing issues with pain, radiculopathy and reduced function are already being evaluated by specialists. So I was not involved with most of her care for her disabling conditions.

R. 1106 (emphasis original).

11

### C. The ALJ failed to properly evaluate Plaintiff's impairments under the requirements of Listing 1.04A.

Plaintiff argues that the ALJ failed to properly evaluate her impairments under Listing 1.04A because the ALJ failed to identify what evidence supported his conclusion that Plaintiff did not meet the criteria necessary for a finding of disability under that listing. Pl.'s Mem. 16. Plaintiff asserts that the ALJ overlooked substantial evidence that Plaintiff had symptoms that would fulfill the requirements under Listing 1.04A and failed to explain the contradictions between his conclusion and these symptoms. Pl.'s Mem. 17. Commissioner counters that the ALJ properly found that Plaintiff did not have an impairment that met or equaled the requirements of Listing 1.04A. Comm'r's Mem. 5-7. Specifically, Commissioner asserts that the ALJ properly found Plaintiff did not meet the durational requirement of having a nerve compression for a continuous 12-month period. Comm'r's Mem. 5-7.

At step three, an ALJ must assess a claimant's impairments or combination of impairments and determine whether they are of a severity to meet or medically equal the criteria of an impairment listed in in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). Listing 1.04A is the regulation that "identif[ies] disorders of the spine that merit a conclusive presumption of disability and an award of benefits." *Radford v. Colvin*, 734 F. 3d 288, 290 (4th Cir. 2013). According to the regulation, an individual must have a "[d]isorder[] of the spine . . . resulting in compromise of a nerve root . . . or the spinal cord." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A. In addition, the claimant must meet one of the following sets of criteria:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

*Id.* In addition to showing the presence of each symptom, a claimant must show that she "has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months." *Radford*, 734 F. 3d at 294. A claimant need not show the symptoms were present "simultaneously," in close proximity to one another, or even uninterrupted; rather, they may be intermittent and a claimant may "prove a chronic condition by showing that he experienced the symptoms 'over a period of time,' as evidenced by 'a record of ongoing management and evaluation.'" *Id.* (citations omitted).

Here, the ALJ's explanation for how he came to the conclusion that Plaintiff did not meet the criteria for a finding of disability under Listing 1.04A was vague and conclusory. *See* R. 21-22. Specifically, the ALJ's explanation began with a recitation of the listing, including subsections 1.04B and 1.04C. R. 21. The ALJ then proceeded to list the evidence in the record he used to come to his conclusion. R. 21-22. While the ALJ noted various symptoms and medical findings that were supported by the record, he did not delineate how those symptoms excluded a finding under any of the subsections. R. 21-22. Finally, the ALJ concluded his assessment with a single line: "The [Plaintiff's] degenerative disc disease is not of the severity required by the listings." R. 22. This explanation is devoid of any of the discussion necessary

for a court to perform a proper review of the decision without being forced to overstep its role. *See Radford*, 734 F.3d at 295 (citing *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989) ("The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."). While the Commissioner claims the ALJ did discuss the criteria necessary to properly assess Plaintiff's impairments under Listing 1.04A, it does not appear within the section where that determination was made and requires the Court to extrapolate from what the ALJ did say and apply it to the evidence laid out. Comm'n Mem. 5-7. In contrast, Plaintiff undertook an exhaustive review of the evidence in the record and compared it to the criteria in Listing 1.04A. Pl.'s Mem. 7-18. Whether or not there is sufficient evidence to support a finding that the Plaintiff is disabled under Listing 1.04A is of no consequence at this stage of review; the Court will not step into the impermissible role of weighing or reweighing the evidence. *See Hays*, 907 F.2d at 1456. Accordingly, remand is appropriate in these circumstances. Upon remand the ALJ should reassess the evidence in the record under the standard articulated in *Radford*. The ALJ should then provide a sufficient explanation for his determination, taking care to delineate what evidence supports which conclusion and provide sufficient reasoning for coming to whatever decision he does so that a reviewing court will be able to evaluate it.

## IV. Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **VACATES** the ALJ's decision, and **REMANDS** this matter for further proceedings in accordance with the instructions articulated in these findings and in this Court's prior rulings.

March 5, 2019                                          /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge

CBD/clc