**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| CHRISTINA M., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. CBD-17-2540 |
| | ) |
| ANDREW SAUL,[1] | ) |
| | ) |
|    Commissioner, | ) |
|    Social Security Administration | ) |
| | ) |
|    Defendant. | ) |
| | ) |

## **MEMORANDUM OPINION**

Christina M. ("Plaintiff") brought this action under 42 U.S.C. § 406(b)(1) seeking attorney's fees following the Notice of Award from the Social Security Administration ("SSA"). Before the Court are Plaintiff's Line, ("Plaintiff's Petition") ECF No. 24 and Defendant's Response to Plaintiff's Petition for Attorney's Fees under 42 U.S.C. § 406(b)(1), ("Defendant's Response"), ECF No. 25. The Court has reviewed Plaintiff's Petition, the response thereto, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **GRANTS IN PART** Plaintiff's Petition. A separate Order will Issue.

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

## I. Procedural Background

On March 5, 2019, following Plaintiff's petition for judicial review under 42 U.S.C. § 405(g), the Court vacated and remanded the Administrative Law Judge's ("ALJ") decision for further proceedings. ECF No. 19. On June 6, 2019, following the parties' stipulation and agreement to attorney's fees, the Court approved the parties' stipulation and granted Plaintiff's Motion for Attorney's Fees, ECF No. 23.[2] On remand, the ALJ granted Plaintiff's claims for disability insurance benefits. Hr'g Decision 6, ECF No. 24–1. The Commissioner of the Social Security Administration ("Commissioner") issued a Notice of Award on January 22, 2020. Notice of Award, ECF No. 24–2. On February 5, 2020, Plaintiff filed a Line seeking attorney's fees in the amount of $32,131.50. Pl.'s Pet., ECF No. 24.

## II. Analysis

Plaintiff's counsel seeks to recover $32,131.50 representing 25% of Plaintiff's past due benefits of $128,526.00. Pl.'s Pet. 1. Plaintiff's counsel further avers that he will reimburse $6,122.40 in attorney's fees that he recovered pursuant to EAJA, 28 U.S.C. § 2412. *Id.* Defendant avers that he does not object to Plaintiff counsel's request for $32,131.50 in attorney's fees if the Court determines the fees are reasonable. Def.'s Resp. to Pl.'s Pet. 2.

Under 42 U.S.C. § 406(b), the Court is authorized to award attorney's fees not to exceed twenty-five (25) percent of a claimant's total past-due benefits to an attorney who successfully represented a claimant before the Court. 42 U.S.C. § 406(b)(1)(A). "Although contingent fees are the 'primary means by which fees are set' in Social Security cases, a court must nevertheless

---

[2] The Court, pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412, awarded Plaintiff $6,122.40 in attorney's fees. *See* Stipulation and J. for Payment of Att'y's Fees, ¶ 1, ECF No. 22. The parties stipulated that if Plaintiff's claim is allowed on remand, any requests for attorney's fees pursuant to 42 U.S.C. § 406(b), would be subject to final review and approval as reasonable by the Court. *Id.*

2

perform an 'independent check, to assure that they yield reasonable results in particular cases.'" *Patricia F. v. Comm'r, Soc. Sec. Admin.*, No. DLB-17-2281, 2020 WL 247361, at *1 (D. Md. Jan. 16, 2020) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). In order to determine the reasonableness of an attorney's fee petition, the Supreme Court explained that a reviewing court may consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Supreme Court also clarified that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* Further, a court may request Plaintiff's counsel to submit a record of the hours the attorney spent representing Plaintiff and a statement of the attorney's normal hourly rate for noncontingent fee cases. *Id*.

In this case, Plaintiff and Plaintiff's counsel entered into a contingency fee agreement. *See* Soc. Sec. Disability Retainer Fee Agreement, ECF No. 20–5. Plaintiff agreed to pay her attorney twenty-five (25) percent of all retroactive benefits to which she may receive. *Id*. Plaintiff's counsel averred that he spent a total of thirty (30) hours representing Plaintiff before the Federal Court. Pl.'s Mem. in Supp. of Mot. for Att'y's Fees 2, ECF No. 20–1; *See also* Pl.'s Att'y's Fees Aff. 2, ECF No. 20–6. If Plaintiff's counsel receives the full amount sought, his effective hourly rate is $1,071.05.[3]

Plaintiff's counsel has practiced social security law for eight years (8) and works at a firm with partners who have practiced social security law for over thirty (30) years. Pl.'s Att'y's Fees Aff. 2. Plaintiff's counsel has been admitted to the bar since 2011. *Id*. Plaintiff counsel's regular hourly billing rate is $350.00. *Id.* Although Plaintiff's hourly rate is the top hourly rate

---

[3] Total amount sought ($32,131.50) divided by total number of hours spent representing Plaintiff (30).

3

that is presumptively reasonable for attorneys with his experience level,[4] the "[c]ourt's in the Fourth Circuit have approved contingency agreements that produce much higher hourly rates in successful Social Security Appeals." *Patricia F.*, 2020 WL 247361, at *2 (approving a contingency fee hourly rate of $515.97); *See also Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving a contingency fee hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833–34 (S.D.W. Va. 2003) (approving a contingency fee hourly rate of $1,433.12); *Kearon L. v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-2160, at *1–2 (D. Md. July 7, 2016) (unpublished) (approving a contingency fee hourly rate of $1,028.14).

This Court has also approved hourly rates for present counsel that were similar. *See e.g.*, *Arvie W.*, 2019 WL 3975187, at *2 (approving a contingency fee hourly rate of $1,000); *Barbara F. v. Comm'r. Soc. Sec. Admin.*, No. SAG-17-2090, 2019 WL 3340738, at *2 (D. Md. July 25, 2019) (approving a contingency fee hourly rate of $1,000); *Kimberly B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2519, 2019 WL 1559426, at *2 (D. Md. Apr. 10, 2019) (approving a contingency fee hourly rate of $1,000). Further, the Court finds that Plaintiff's counsel performed effectively by obtaining a significant past-due benefit award to his client. However, "[h]ourly rates exceeding $1,000 are the exception, not the rule." *Id*. There is no exceptional reason to diverge from the general rule of not exceeding an effective hourly rate of $1,000. Instead, the Court finds that an award of $30,000, amounting to an effective hourly rate of $1,000.00 — more than triple the hourly rate under the Maryland Local Rules for an attorney

---

[4] According to the Maryland Local Rules, a reasonable hourly rate for "[l]awyers admitted to the bar for nine (9) to fourteen (14) years" is between $225.00-$350.00/hr. Local R. App. B (D. Md. 2018). However, the local rules do not govern social security cases. *Arvie W. v. Comm'r., Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2, n.1 (D. Md. Aug. 22, 2019). The factors established by social security case law govern the reasonableness of attorney's fees. Local R. App. B (D. Md. 2018).

with similar experience, will adequately compensate him for this case.  Hence, the Court awards attorney's fees totaling $30,000.00.  Plaintiff's counsel is directed to reimburse Plaintiff the $6,122.40 in fees previously received pursuant to the EAJA, 28 U.S.C. § 2412 award, as discussed in Plaintiff's Petition.  Pl.'s Pet. 1.

### III.     Conclusion

Based on the foregoing, the Court hereby **GRANTS IN PART** Plaintiff's Petition.


February 24, 2020                                                          /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge


CBD/hjd